JOSEPH A. LEPERA (SBN 207615)
LAW OFFICE OF JOSEPH A. LEPERA
One Market – Spear Tower, 36th Floor
San Francisco, California 94105
Telephone: (415) 215-1001
Facsimile: (415) 398-1696
E-mail: joseph@leperalaw.com

Attorneys for Plaintiff
Michael Degtyarev

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

| | |
|---|---|
| In re: LEONID IGUDESMAN, aka LEON IGUDESMAN, aka LEONARD IGUDESMAN and ELIZAVETA IGUDESMAN aka LISA IGUDESMAN, aka ELIZABETH IGUDESMAN<br><br>MICHAEL DEGTYAREV,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH IGUDESMAN, an individual; LEONID IGUDESMAN, an individual; and DOES 1-20 inclusive<br><br>Defendant. | Case No.: 10-32694 TEC 7<br><br>Adv. Proc. Case No.:<br><br>**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(3)** |

1

*Michael Degtyarev v. Elizabeth Igudesman. – Case No. 10-32694*
**Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(3)**

Case: 10-03185   Doc# 1   Filed: 10/25/10   Entered: 10/25/10 19:15:58   Page 1 of 16

Plaintiff and Creditor MICHAEL DEGTYAREV ("Plaintiff" or "Degtyarev") files this Complaint to Determine the Nondischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 526(a)(6), 727(a)(2)(A) and 727(a)(3) against the Debtor and Defendants ELIZABETH IGUDESMAN and LEONID IGUDESMAN ("Defendant" or "Igudesman"), and avers as follows:

# I.
## CORE PROCEEDING

1. This adversary proceeding relates to the bankruptcy commenced under Chapter 7, captioned, In re Elizabeth Igudesman, U.S. Bankruptcy Court, Northern District of California, San Francisco Division, Case No. 10-32694; seeks to determine the nondischargeability of a debt of Debtor Elizabeth Igudesman; and is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I) and (O).

# II.
## SUBJECT MATTER JURISDICTION

2. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. § 523 because this is a core proceeding to determine the nondischargeability of a particular debt of Defendant.

# III.
## VENUE

3. Venue is proper in the Northern District of California under 28 U.S.C. § 1408 and/or 28 U.S.C. § 1409. The San Francisco County Division is proper because Defendant filed her bankruptcy petition therein.

///
///
///

2
*Michael Degtyarev v. Elizabeth Igudesman. – Case No. 10-32694*
**Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(3)**

Case: 10-03185   Doc# 1   Filed: 10/25/10   Entered: 10/25/10 19:15:58   Page 2 of 16

///

## IV.

## THE PARTIES

4. On July 18, 2010 Defendant filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California. . Defendant is a debtor in this bankruptcy proceeding.

5. Plaintiff resides in San Francisco County, California, within the Northern District of California, San Francisco, U.S. Bankruptcy Court and qualifies to be a creditor in the above captioned bankruptcy case.

6. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed, believes and thereon allege that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

## V.

## STATEMENT OF STANDING

7. Plaintiff incorporates herein paragraphs 1 through 5, inclusive of this Complaint, as if set forth in full.

8. Plaintiff is an undisputed creditor of Defendant and, thus, has standing to bring this action pursuant to 11 U.S.C. § 523. Plaintiff has timely filed this action.

## VI.

## GENERAL ALLEGATIONS

9. Plaintiff entered into a contract with Bridgeline Capital and on March 10, 2009 to modify Plaintiff's home loan mortgage with Washington Mutual, which is now JPMorgan Chase

3

*Michael Degtyarev v. Elizabeth Igudesman. – Case No. 10-32694*
**Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(3)**

Case: 10-03185   Doc# 1   Filed: 10/25/10   Entered: 10/25/10 19:15:58   Page 3 of 16

and Co. The direct real estate broker initially assigned to Plaintiff's file was Defendant. Pursuant to the loan modification contract, Plaintiff paid an upfront fee of $2,695 for Bridgeline Captial's loan modification services.

10. On or about July 21, 2009, Plaintiff received an e-mail from Defendant requesting a short term loan in the amount of $200,000. Defendant represented to Plaintiff that she needed "[$]150-200K badly," and that she "had someone willing to give [her a] 200K loan for a year but he will have the money in September only." She then asked Plaintiff if he would be willing to loan her the money for two months. Defendant assured Plaintiff that the loan she was receiving in two months was a sure thing, and it was already secured and guaranteed. Defendant also promised in return for the loan that she would pay Plaintiff "good interest." A true and correct copy of the e-mail asking Plaintiff for a short term loan is attached hereto as **Exhibit 1**.

11. On or about July 31, 2009 Plaintiff agreed to loan Defendant the $200,000. On the morning of the transfer, Defendant asked to modify the terms of the loan to include $240,000 on the principal at an interest rate of 7.5%. Defendant again promised Plaintiff that she was receiving the funds from another source, and the loan with interest would be fully repaid in 60 days.

12. Plaintiff and Defendant executed a note on July 31, 2009. The terms of the note were as follows: Defendant agreed to pay Plaintiff the principal amount of the loan, $240,000, plus a yearly interest rate of 7.5% by September 30, 2009. If Defendant failed to pay the balance by September 30, 2009, Defendant would owe Plaintiff a penalty charge in the amount of 15% of the loan or $36,000.00. As further assurance, Defendant secured the note with a

4

*Michael Degtyarev v. Elizabeth Igudesman. – Case No. 10-32694*
**Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(3)**

Case: 10-03185    Doc# 1    Filed: 10/25/10    Entered: 10/25/10 19:15:58    Page 4 of 16

violin bow collection owned by Defendant and her husband. A true and correct copy of the contract is attached hereto as **Exhibit 2.** Defendant represented to Plaintiff that the value of the violin bow collection was worth well over the value of the loan and would be sufficient to secure the repayment of the loan in case of default.

13. On July 31, 2009, after the agreement was finalized and notarized, Plaintiff wrote a check made payable to Elizabeth Igudesman for $240,000. A true and correct copy of the check is attached hereto as **Exhibit 3**.

14. On September 29, 2009, Plaintiff sent Defendant an e-mail reminder that the note's balance and interest was due the following day, October 1, 2009. A true and correct copy of the e-mail is attached hereto as **Exhibit 4**.

15. On or about October 1, 2009, Defendant failed to pay Plaintiff the balance of the loan with interest and failed to surrender the violin bow collection.

16. On or about October 8, 2009, Plaintiff hired an attorney, Robert L. Shepard, to assist him in collecting the balance on the note. Mr. Shepard sent Defendant a demand letter, asking for repayment of the note. The letter warned Defendant that if the note was not repaid, Plaintiff would be forced to initiate a legal proceeding against her. In addition to the demand letter Plaintiff attempted to negotiate a deal with Defendant, giving her three extra weeks to pay off the balance of the loan and waiving the interest and attorney fees. A true and correct copy of the Demand Letter is attached hereto as **Exhibit 5.**

17. The demand letter was unsuccessful. On November 3, 2009, Plaintiff initiated a lawsuit against Defendant alleging Fraudulent Misrepresentation, Breach of Contract,

5
*Michael Degtyarev v. Elizabeth Igudesman. – Case No. 10-32694*
**Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(3)**

Case: 10-03185    Doc# 1    Filed: 10/25/10    Entered: 10/25/10 19:15:58    Page 5 of 16

Conversion and Unjust Enrichment. A true and correct copy of the filed complaint is attached hereto as **Exhibit 6**.

18. Defendant answered the lawsuit on December 17, 2009. Defendant admitted all statements in the Complaint were true except Paragraphs 5, 8, 11, 12, and 22. Defendant also claimed she had no information on Paragraphs 14, 16, 17, 18, and 29. A true and correct copy of Defendant's Answer to the Complaint is attached hereto as **Exhibit 7.**

19. The lawsuit progressed, Plaintiff initated discovery on or about January 7, 2010. Defendant failed to answer discovery, forcing Plaintiff to file a motion to compel discovery on or about February 25, 2010. A case management conference was held where the court set a trial date for July 19, 2010 at 9:30 a.m. However, on July 18, 2010 Defendant filed for bankruptcy. As a result of the filing, the default trial that was conducted on July 19, 2010 without knowledge of the automatic stay from the bankruptcy proceeding resulted in an oral finding of fraud. However, because the bankruptcy was found to be on file later that afternoon, the final judgment was not prepared. Plaintiff then initiated this adversary proceeding to determine the nondischargeability of debt pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A), 727(a)(3).

### FIRST CLAIM FOR RELIEF
**[For Nondischargeability of Debt for False Pretenses, False Representation, and/or Actual Fraud Under 11 USC § 523(a)(2)(A)]**

20. Plaintiff incorporates here in paragraphs 1 through 19 of this Complaint as set forth in full.

21. Pursuant to 11 U.S.C. § 523(a)(2)(A), a discharge under Section 727 does not discharge a debtor from any debt for money obtained by false pretenses, a false representation, or actual fraud.

6
*Michael Degtyarev v. Elizabeth Igudesman. – Case No. 10-32694*
**Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(3)**

Case: 10-03185   Doc# 1   Filed: 10/25/10   Entered: 10/25/10 19:15:58   Page 6 of 16

22. Commencing in late 2009, Defendant asked Plaintiff for a $240,000 loan. In addition to Defendant stating that she needed it badly for personal reasons, she also represented to Plaintiff that loaning her the $240,000 would make it easier for Plaintiff to obtain a loan modification by making Plaintiff look like he couldn't afford the original loan he was locked in to. Since Defendant was not only Plaintiff's friend, but also his licensed real estate broker, Plaintiff was convinced by Defendant to loan her the money. Defendant, in exchange for funds in the amount of $240,000 from Plaintiff, agreed to repay the principal amount of the loan plus interest within 60 days from the date of the loan. Defendant also secured the promissory note with a violin bow collection. Defendant represented that this collection was worth between $250,000 and $500,000. Defendant promised she would give Plaintiff a detailed list of the violin bows she owned and their appraised value.

23. Defendant, despite promising a list fully describing the violin bows and their values, failed to provide that list as promised.

24. Defendant promised in the written and notarized note that the loan would be secured by the violin bow collection which Defendant claimed, was worth more than the amount due under the loan. This assertion has been proven to be fraudulent. During the bankruptcy proceeding, it came to light that Defendant never had control or knowledge about the violin bow collection, the collection was the solely managed by Defendant's husband. Further, Defendant stated at the first creditors meeting that she and her husband did not own or have possession of most of violin bow collection at the time she asked for the money from Plaintiff and signed the promissory note using the violin bows as security. The majority of the violin bow collection was sold and all that was left of the bow collection in 2009 was one bow that was used for Defendant's husband's opera work, and 30-40 student bows, worth very little.

25. Defendant represented to Plaintiff that the loan she needed was a short term loan, and that she only needed the loan from Plaintiff to bridge the gap between the time

7

*Michael Degtyarev v. Elizabeth Igudesman. – Case No. 10-32694*
**Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(3)**

Case: 10-03185   Doc# 1   Filed: 10/25/10   Entered: 10/25/10 19:15:58   Page 7 of 16

Defendant needed $240,000 to the time Defendant would receive alternative funding from another lender.

26. To Plaintiff's knowledge, the other loan Defendant was supposed to receive in September never materialized. Defendant represented to Plaintiff that she had already secured a loan with another lender and would receive the money in September. Based on this false representation by Defendant, Plaintiff felt comfortable loaning Defendant the money, knowing that he would receive the principal plus interest within two months.

27. The foregoing representations and pretenses by Defendant were false when made.

28. Defendant knew that the foregoing representation and pretenses were false when made. Defendant had not entered into an agreement with a lender to loan her $240,000. Even if Defendant was in negotiations with lenders to secure a loan or was promised a loan amount, she represented to Defendant that *she had already* secured the loan amount, and was unquestionably receiving $240,000 from a lender in September. Further, Defendant represented to Plaintiff that she owned a bow collection, at the time of the loan, worth between $250,000 and $500,000 that would adequately cover the amount of the loan in case of a default. Not only was the violin bow collection not the property of Defendant, but the violin bow collection had already been sold when Defendant offered it as security to Plaintiff.

29. Defendant used the foregoing misrepresentations and pretenses, as well as her position as Plaintiff's licensed real estate broker, as devices to obtain Plaintiff's funds and to delay Plaintiff's receipt of the funds or the violin bow collection, in order to steal, divert, misappropriate, embezzle and conceal the funds due and owing to Plaintiff.

30. Defendant intended for Plaintiff to rely on the foregoing representations and pretenses to induce Plaintiff into loaning Defendant $240,000.

31. Plaintiff reasonably and justifiably relied on the foregoing representations and pretenses.

8
*Michael Degtyarev v. Elizabeth Igudesman. – Case No. 10-32694*
**Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(3)**

Case: 10-03185   Doc# 1   Filed: 10/25/10   Entered: 10/25/10 19:15:58   Page 8 of 16

32. Had Plaintiff know Defendant's true intention and the true facts, Plaintiff would not have entered into a written loan agreement with Defendant and never would have given Defendant the loan in the amount of $240,000.

33. Plaintiff has sustained substantial damages from Defendant's actions. Not only has Plaintiff still not received his $240,000 loan repayment plus 7.5% yearly interest, but he also has sustained considerable legal fees from bringing a civil suit against Defendant in San Francisco Superior Court and has incurred legal fees to file this adversary proceeding. To date, Plaintiff's legal fees totaling $10,700.

34. The total balance now due under the loan equals $293,360.64. This figure was calculated by adding the original principal loan amount of $240,000.00, the accrued interest of $17,360.64 and the late fee penalty of 15% or $36,000.00.

35. As a direct and proximate result of Defendant's fraudulent representations and pretenses, and Plaintiff's reasonable reliance thereon, Defendant, obtained, diverted, misappropriated, embezzled, converted and concealed $240,000 belonging and payable to Plaintiff.

36. As set forth above, Defendant obtained money from Plaintiff by false pretenses, false representations, and actual fraud, which were committed both orally and in writing. Accordingly, pursuant to 11 U.S.C. § 523(a)(2)(A), Defendant is not entitled to a discharge of Plaintiff's claim against him for the amount of $240,000, plus transaction costs, costs of suit, attorneys' fees and interest.

**SECOND CLAIM FOR RELIEF**
**[For Nondischargeability of debt for breach of fiduciary duty**
**Under 11 U.S.C. § 523(a)(2)(B)]**

37. Plaintiff incorporates here in paragraphs 1 through 36 of this Compalint as set forth in full.

9
*Michael Degtyarev v. Elizabeth Igudesman. – Case No. 10-32694*
**Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(3)**

Case: 10-03185    Doc# 1    Filed: 10/25/10    Entered: 10/25/10 19:15:58    Page 9 of 16

38. Pursuant to 11 U.S.C. § 523(a)(2)(B), a discharge under section 727 does not discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by— use of a statement in writing— (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive."

39. Defendant received money obtained by written statements to Plaintiff, in the form of e-mail correspondences that were materially false. Defendant knew that the subsequent loan Plaintiff thought Defendant was receiving in September was not finalized, and the money was not guaranteed. Further, Defendant represented to Plaintiff that the note was secured by a violin bow collection, which, at the time of the agreement between Plaintiff and Defendant had been sold, leaving only a few bows left in the collection; rendering the collection retained by Defendant practically worthless. Defendant represented in the 341 meeting that she did not know the violin bow collection was sold by her husband, but it seems unlikely that a wife who share finances with her husband would not notice when over $250,000 was coming into bank accounts, or went debts were suddenly being paid off. Assuming Defendant's representation is true, and she owned the violin bow collection jointly with her husband, her husband would have a duty to disclose to her that he was planning on selling their joint asset. The reasonable inference from Defendant's situation is that she knew or at least should have suspected that the violin bow collection had been sold, or in the very least that the collection's value was substantially diminished.

40. The materially false written statements made to Plaintiff were in regards to Defendant's financial condition, which Plaintiff reasonably relied on when entering into the agreement to loan Defendant $240,000.

41. Defendant made the false written statements with an intent to deceive Plaintiff into believing that Defendant could repay the loan in the two month time period promised.

10
*Michael Degtyarev v. Elizabeth Igudesman. – Case No. 10-32694*
**Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(3)**

Case: 10-03185   Doc# 1   Filed: 10/25/10   Entered: 10/25/10 19:15:58   Page 10 of 16

Alternatively, Defendant made the false written statements to induce Plaintiff into believing he would still be compesanted for the loan in case of a default by the violin bow collection which was used as security for the loan.

42. As a direct and proximate result of Defendant's materially false written statements, and Plaintiff's reasonable reliance thereon, Defendant, obtained, diverted, misappropriated, embezzled, converted and concealed $240,000 belonging and payable to Plaintiff.

43. As set forth above, Defendant obtained money from Plaintiff by false written statements. Accordingly, pursuant to 11 U.S.C. § 523(a)(2)(B), Defendant is not entitled to a discharge of Plaintiff's claim against him for the amount of $240,000, plus transaction costs, costs of suit, attorneys' fees and interest.

**THIRD CLAIM FOR RELIEF**
**[For Nondischargeability of debt for breach of fiduciary duty**
**Under 11 U.S.C. § 523(a)(4)]**

44. Plaintiff incorporates here in paragraphs 1 through 43 of this Complaint as set forth in full.

45. Pursuant to 11 U.S.C. § 523(a)(4), a discharge under section 727 does not discharge a debtor from any debt for fraud or defalcation while acting in a fiduciary capacity.

46. In order to prove breach of fiduciary duty under § 523(a)(4) the creditor must prove that (1) an express trust existed, (2) the debt was caused by fraud or defalcation, and (3) the debtor acted as a fiduciary to the creditor at the time the debt was created.

47. Element one of this above mentioned test is satisfied. A real estate broker may be placed into the role of a fiduciary under a technical or express trust with respect to funds held by a broker on behalf of a client. Cal. Bus. & Prof. Code § 10145. Here, Defendant held funds of $240,000 that were her client's, and used her position as Plaintiff's real estate broker

11
*Michael Degtyarev v. Elizabeth Igudesman. – Case No. 10-32694*
**Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(3)**

Case: 10-03185    Doc# 1    Filed: 10/25/10    Entered: 10/25/10 19:15:58    Page 11 of 16

to obtain these funds and represented to Plaintiff that it was necessary she hold the funds to hide them from the lender to ensure that a loan modification was given.

48. Element two of the above mentioned test is satisfied. Defendant only obtained the funds by fraudulently representing to Plaintiff that she would hold the funds for him for two months at a 7.5% interest, and that this temporary transfer of $240,000 would help Plaintiff get a favorable loan modification. Plaintiff only loaned Defendant the funds as an investment, under his belief that Defendant was acting in his best interest.

49. Finally, the last element of the above mentioned test is met. Defendant is a licensed real estate broker in California. Defendant was hired by Plaintiff in March 2009 to assist Plaintiff in a loan modification. Defendant used her position as Plaintiff's licensed real estate broker to obtain knowledge of Plaintiff's financial situation, and play on Plaintiff's need for a loan modification to induce him into loaning Defendant $240,000 for two months. Defendant used her relationship with Plaintiff to find out how much liquid assets Plaintiff owned at the time, and then used her relationship with Plaintiff as Plaintiff's real estate broker, to induce Plaintiff under false pretenses to invest most of his assets with her, in the form of a short loan. Defendant used her position as Plaintiff's licensed real estate broker to willfully, wrongfully, intentionally, and fraudulently take $240,000 from Plaintiff. Accordingly pursuant to 11 U.S.C. § 523(a)(4), Defendant is not entitled to a discharge of Plaintiff's claim against her in the amount of $240,000, plus transaction costs, costs of suit, attorneys fees, and interest.

**FOURTH CLAIM FOR RELIEF**
**[Nondischargeability of debt for willful or malicious injury caused by the debtor Under 11 U.S.C. § 523(a)(6)]**

50. Plaintiff incorporates here in paragraphs 1 through 49 of this Complaint as set forth in full.

12
*Michael Degtyarev v. Elizabeth Igudesman. – Case No. 10-32694*
**Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(3)**

Case: 10-03185   Doc# 1   Filed: 10/25/10   Entered: 10/25/10 19:15:58   Page 12 of 16

51. Pursuant to 11 U.S.C. § 523(a)(6), a discharge under Section 727 does not discharge a debtor from any debt for willful and malicious injury by the debtor to another entity or to its property.

52. To establish that a particular debt qualifies for that exception, a creditor must prove by a preponderance of the evidence that (1) the debtor committed a wrongful and intentional act, (2) the act necessarily caused the judgment creditor's injury, (3) the act was without just cause or excuse, and (4) the debtor acted with the specific intent to cause injury.

53. As fully set forth above in paragraphs, 20-24, Defendant committed a wrongful and intentional act by representing to Plaintiff that she would pay him back within two months. Defendant knowingly and intentionally supported her promise to repay Plaintiff by representing to him that she was going to receive $240,000 from a subsequent loan in September and representing to him that she had a violin bow collection worth between $250,000 and $500,000 that she could secure the note with.

54. Defendant's acts and fraudulent misrepresentations caused Plaintiff to lend Defendant $240,000. Since Defendant did not secure a subsequent loan or have ownership or possession of the violin bow collection Defendant could not pay the balance of the loan, causing Plaintiff to lose $240,000 plus interest and attorneys fees.

55. Defendant's acts were without just cause or excuse. Defendant knew that she had not completely and definitely secured a subsequent loan to repay Plaintiff, but represented to Plaintiff she did anyway. Defendant also knew that she did not have the violin bow collection to secure her note, but promised it to Plaintiff as collateral anyway. Defendant's acts were not a mere mistake but were intentional misrepresentations without just cause or excuse.

56. Finally, Defendant acted to cause injury. Defendant did not have the means to repay Plaintiff, or any assets to sell sufficient to satisfy the debt. Any reasonable person would know that not having means to repay a loan, especially a loan of a substantial amount, would cause injury to the lender, especially in a case where a lender is an individual and not an

13
*Michael Degtyarev v. Elizabeth Igudesman. – Case No. 10-32694*
**Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(3)**

Case: 10-03185    Doc# 1    Filed: 10/25/10    Entered: 10/25/10 19:15:58    Page 13 of 16

institution. Defendant's intentional acts of taking Plaintiff's money without means to pay him back can only be interpreted that Defendant acted to cause Plaintiff injury.

57. Accordingly, pursuant to 11 U.S.C. § 523(a)(6), Defendant is not entitled to a discharge of Plaintiff's claim against her in the amount of $240,000, plus transaction costs, costs of suit, attorneys fees, and interest.

///

### FIFTH CLAIM FOR RELIEF
**[Nondischargeability of debt for transfer of property with intent to defraud a creditor Under 11 U.S.C. § 727(a)(2)(A)]**

58. Plaintiff incorporates here in paragraphs 1 through 57 of this Complaint as set forth in full.

57. Pursuant to 11 U.S.C. § 727(a)(2)(A), the court shall not grant a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed— (A) property of the debtor, within one year before the date of the filing of the petition."

59. Three elements must be met to state a successful claim under 11 U.S.C. § 727(a)(2)(A). First, the debtor must have disposed of the property, this can be through, inter alia, transfer or concealment; second, the debtor must have a subjective intent to hinder, delay or defraud a creditor; finally the transfer must occur within one year prepetition.

60. In this case Defendant's conduct has satisfied all three elements of the test. First, the debtor had disposed of the violin bows through a transfer, by selling the violin bows. Second, the Defendant transferred and sold the violin bows to make them unavailable to satisfy Plaintiff's debt, but listed them as security for Plaintiff's promissory note to ensure Plaintiff felt comfortable lending Defendant $240,000. Finally, Plaintiff on information and belief believes that the violin bows were sold a year before the bankruptcy.

61. Accordingly, Defendant transferred and sold the violin bows with the intent to

14
*Michael Degtyarev v. Elizabeth Igudesman. – Case No. 10-32694*
**Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(3)**

Case: 10-03185    Doc# 1    Filed: 10/25/10    Entered: 10/25/10 19:15:58    Page 14 of 16

defraud Plaintiff within the year before filing for bankruptcy. This transfer has significantly reduced Defendant's bankruptcy estate, and has damaged Plaintiff in the amount of the principal loan, plus interest and attorneys fees.

### SIXTH CLAIM FOR RELIEF
### [Nondischargeability of debt for transfer failure to keep adequate records Under 11 U.S.C. § 727(a)(3)]

62. Plaintiff fully incorporates all preceding Paragraphs by this reference.

63. Pursuant to 11 U.S.C. § 727(a)(3) a debtor's debt is not dischargeable if "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

64. A prima face claim is made under 11 U.S.C. § 727(a)(3), if the creditor can show (1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions.

65. Both elements are met in this case. Defendant failed to maintain and preserve adequate records of the violin bows. Defendant stated in her bankruptcy meeting that she was unsure when and to whom the bows were sold to. Defendant also did not have appraisals or records of other assets she held at the time Plaintiff gave Defendant the loan.

66. Plaintiff is unable to ascertain the debtor's financial condition from the lack of records. Defendant did not keep adequate records about the violin bows. Nevertheless, Defendant used bows as a security interest for the $240,000 note, promising to provide Plaintiff with documentation of the appraisal of the bows at a later date. Defendant failed to produce any appraisal documentation.

15
*Michael Degtyarev v. Elizabeth Igudesman. – Case No. 10-32694*
**Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(3)**

Case: 10-03185    Doc# 1    Filed: 10/25/10    Entered: 10/25/10 19:15:58    Page 15 of 16

67. As a result of Defendant's failure to maintain adequate records, Plaintiff is unable to ascertain the debtor's financial condition in violation of § 727(a)(3).

WHEREFORE, Creditor DEGTYAREV prays that this Honorable Court determine that Debtor's bankruptcy case be dismissed based on his violations of sections 727 (a)(2)-(3); alternatively that obligation of Debtor ELIZABETH IGUDESMAN to Creditor DEGTYAREV is deemed to be nondischargeable under 11 USC § 523 (a)(2)(A) and/or (B); § 523 (a)(4) and (a)(6) and that judgment be entered against Debtor IGUDESMAN as follows:

(1) For general damages in the sum of $293,360.64 ;

(2) Attorneys fees, according to proof;

(3) For costs of suit herein incurred; and

(4) For such other and further relief as the court may deem just and proper.

DATED: October 25, 2010                    Respectfully Submitted,

                                            LAW OFFICE OF JOSEPH A. LEPERA

                                            By: /s/ Joseph Lepera
                                                Joseph A. Lepera
                                                Attorneys for Plaintiff

16
*Michael Degtyarev v. Elizabeth Igudesman. – Case No. 10-32694*
**Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(3)**

Case: 10-03185    Doc# 1    Filed: 10/25/10    Entered: 10/25/10 19:15:58    Page 16 of 16