JOEL K. BELWAY [60556]
THE LAW OFFICE OF JOEL K. BELWAY
Professional Corporation
235 Montgomery St., Suite 668
San Francisco, CA 94104
Telephone:  (415) 788-1702
Facsimile:  (415) 788-1517

Attorneys for Defendant
ELIZABETH IGUDESMAN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>LEONID IGUDESMAN, aka LEON IGUDESMAN, aka LEONARD IGUDESMAN; and ELIZAVETA IGUDESMAN, aka LISA IGUDESMAN, aka ELIZABETH IGUDESMAN,<br><br>Debtors. | Chapter 7 No. 10-32694 |
| MICHAEL DEGTYAREV,<br><br>Plaintiff,<br><br>vs.<br><br>ELIZABETH IGUDESMAN, and individual; LEONID IGUDESMAN, and individual; and DOES 1-20 inclusive. | A.P. No. 10-03185<br><br>**ANSWER TO COMPLAINT** |

COMES NOW defendant Elizabeth Igudesman ("Answering Defendant") for herself alone and for no other defendant, and in answer to the Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(3) (the "Complaint") by plaintiff Michael Degtyarev ("Plaintiff") against Answering Defendant and Leonid Igudesmanand admits, denies and alleges as follows:

1. Answering Defendant admits the allegations of Paragraph 1 of the Complaint.

2. Answering Defendant admits the allegations of Paragraph 2 of the Complaint.

3. Answering Defendant admits the allegations of Paragraph 3 of the Complaint.

4. Answering Defendant admits the allegations of Paragraph 4 of the Complaint.

5. Answering Defendant lacks sufficient information or belief to answer the allegations of Paragraph 5, and upon such grounds denies those allegations.

6. Answering Defendant lacks sufficient information or belief to answer the allegations of Paragraph 6, and upon such grounds denies those allegations.

7. Answering Paragraph 7, Answering Defendant incorporates herein each and every admission, denial and allegation set forth in Paragraphs 1-6 hereinabove as though set forth at length.

8. Answering Defendant lacks sufficient information or belief to answer the allegations of Paragraph 8, and upon such grounds denies those allegations.

9. Answering Paragraph 9, Answering Defendant denies that she was a real estate broker assigned to Plaintiff's file. Answering Defendant alleges that she was an agent for Bridgeline Capital.

10. Answering Paragraph 10, Answering Defendant admits and alleges that contents of the email attached as Exhibit 1 to the Complaint are as stated therein and not otherwise. Except as expressly admitted, Answering Defendant denies the allegations of Paragraph 10.

11. Answering Paragraph 11, Answering Defendant admits and alleges that she and Plaintiff had preliminary discussions about a loan for $200,000, and Answering Defendant and Plaintiff reached an agreement for a loan of $240,000 by Plaintiff at 7.5% interest. Answering Defendant alleges that she told Plaintiff that she anticipated receiving funds from a third party within 60 days and that upon receipt of such funds, they would be used to repay Plaintiff's loan. Except as expressly admitted, Answering Defendant denies the allegations of Paragraph 11.

12. Answering Paragraph 12, Answering Defendant admits and alleges that the contents of the Note attached as Exhibit 2 to the Complaint are as stated therein and not otherwise. Except as expressly admitted, Answering Defendant denies the allegations of Paragraph 12.

13. Answering Paragraph 12, Answering Defendant admits and alleges that the contents of Exhibit 3 to the Complaint are as stated therein and not otherwise. Except as expressly admitted, Answering Defendant denies the allegations of Paragraph 13.

14. Answering Paragraph 12, Answering Defendant admits and alleges that the contents of the email attached as Exhibit 4 to the Complaint are as stated therein and not otherwise. Except as expressly admitted, Answering Defendant denies the allegations of Paragraph 14.

15. Answering Paragraph 15, Answering Defendant admits that on or about October 1, 2009 she did not pay Plaintiff the balance of the loan memorialized in Exhibit 2 to the Complaint.

16. Answering Paragraph 16, Answering Defendant admits and alleges that the contents of Exhibit 5 to the Complaint are as stated therein and not otherwise. Except as expressly admitted, Answering Defendant denies the allegations of Paragraph 16.

17. Answering Paragraph 17, Answering Defendant admits and alleges that the contents of Exhibit 6 to the Complaint are as stated therein and not otherwise. Except as expressly admitted, Answering Defendant denies the allegations of Paragraph 17.

18. Answering Paragraph 18, Answering Defendant admits and alleges that the contents of Exhibit 7 to the Complaint are as stated therein and not otherwise. Except as expressly admitted, Answering Defendant denies the allegations of Paragraph 18.

19. Answering Paragraph 19, Answering Defendant admits that she, as a joint debtor, filed bankruptcy on or about July 18, 2010. Except as expressly admitted, Answering Defendant lacks sufficient information or belief to answer the allegations of Paragraph 19, and upon such grounds denies those allegations.

**FIRST CLAIM FOR RELIEF**

20. Answering Paragraph 20, Answering Defendant incorporates herein each and every admission, denial and

allegation set forth in Paragraphs 1-19 of the Complaint as though set forth at length.

21. Answering Paragraph 21, Answering Defendant alleges that the provisions of Section 523(a)(2)(A) of the Bankruptcy Code are set forth therein and not otherwise.

22. Answering Paragraph 22, Answering Defendant admits that she requested a loan in 2009 from Plaintiff for $240,000, and that she executed the Promissory Note attached as Exhibit 2 to memorialize that loan. Except as expressly admitted, Answering Defendant denies the allegations of Paragraph 22.

23. Answering Defendant denies the allegations of Paragraph 23 of the Complaint.

24. The terms of the Note are as stated therein and not otherwise. Answering Defendant's testimony at the meeting of creditors is as stated on the record thereof and not otherwise. Except as expressly admitted, Answering Defendant denies the allegations of Paragraph 24.

25. Answering Defendant admits the allegations of Paragraph 25 of the Complaint.

26. Answering Paragraph 26, Answering Defendant admits and alleges that she told Plaintiff she needed a short term loan and that anticipated receiving funds from a third party that would be used to repay Plaintiff. Answering Defendant admits and alleges that she did not receive the funds she anticipated receiving from a third party that would have been used to repay Plaintiff. Except as expressly admitted, Answering Defendant denies the allegations of Paragraph 26.

27. Answering Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Answering Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Answering Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Answering Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Answering Defendant denies the allegations of Paragraph 31 of the Complaint.

32. Answering Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Answering Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Answering Defendant denies the allegations of Paragraph 34 of the Complaint.

35. Answering Defendant denies the allegations of Paragraph 35 of the Complaint.

36. Answering Defendant denies the allegations of Paragraph 36 of the Complaint.

## SECOND CLAIM FOR RELIEF

37. Answering Paragraph 37, Answering Defendant incorporates herein each and every admission, denial and allegation set forth in Paragraphs 1-36 hereinabove as though set forth at length.

38. Answering Paragraph 38, Answering Defendant alleges that the provisions of Bankruptcy Code Section 523(a)(2)(B) are as stated therein and not otherwise.

6

ANSWER TO COMPLAINT

Case: 10-03185   Doc# 8   Filed: 12/06/10   Entered: 12/16/10 11:40:20   Page 6 of 11

39. Answering Defendant denies the allegations of Paragraph 39 of the Complaint.

40. Answering Defendant denies the allegations of Paragraph 40 of the Complaint.

41. Answering Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Answering Defendant denies the allegations of Paragraph 42 of the Complaint.

43. Answering Defendant denies the allegations of Paragraph 43 of the Complaint.

### THIRD CLAIM FOR RELIEF

44. Answering Paragraph 44, Answering Defendant incorporates herein each and every admission, denial and allegation set forth in Paragraphs 1-43 hereinabove as though set forth at length.

45. Answering Paragraph 45, Answering Defendant alleges that the provisions of Bankruptcy Code Section 523(a)(4) are as stated therein and not otherwise.

46. Answering Defendant lacks sufficient information or belief to answer the allegations of Paragraph 46 of the Complaint, and upon such grounds denies those allegations.

47. Answering Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Answering Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Answering Defendant denies the allegations of Paragraph 49 of the Complaint.

### FOURTH CLAIM FOR RELIEF

50. Answering Paragraph 50, Answering Defendant incorporates herein each and every admission, denial and allegation set forth in Paragraphs 1-49 hereinabove as though set forth at length.

51. Answering Paragraph 51, Answering Defendant alleges that the provisions of Bankruptcy Code Section 523(a)(6) are as stated therein and not otherwise.

52. Answering Defendant lacks sufficient information or belief to answer the allegations of Paragraph 52 of the Complaint, and upon such grounds denies those allegations.

53. Answering Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Answering Defendant denies the allegations of Paragraph 54 of the Complaint.

55. Answering Defendant denies the allegations of Paragraph 55 of the Complaint.

56. Answering Defendant denies the allegations of Paragraph 56 of the Complaint.

57. Answering Defendant denies the allegations of Paragraph 57 of the Complaint.

### FIFTH CLAIM FOR RELIEF

58. Answering Paragraph 58, Answering Defendant incorporates herein each and every admission, denial and allegation set forth in Paragraphs 1-57 hereinabove as though set forth at length.

57. *[Sic]*. Answering Paragraph 57 *[sic]*, Answering Defendant alleges that the provisions of Bankruptcy Code Section 727(a)(2)(A) are as stated therein and not otherwise.

59. Answering Paragraph 59, Answering Defendant lacks sufficient information or belief to answer the allegations of Paragraph 59 of the Complaint, and upon such grounds denies those allegations.

60. Answering Defendant denies the allegations of Paragraph 60 of the Complaint.

61. Answering Defendant denies the allegations of Paragraph 61 of the Complaint.

### SIXTH CLAIM FOR RELIEF

62. Answering Paragraph 62, Answering Defendant incorporates herein each and every admission, denial and allegation set forth in Paragraphs 1-61 hereinabove as though set forth at length.

63. Answering Paragraph 63, Answering Defendant alleges that the provisions of Bankruptcy Code Section 727(a)(3) are as stated therein and not otherwise.

64. Answering Paragraph 64, Answering Defendant lacks sufficient information or belief to answer the allegations of Paragraph 64 of the Complaint, and upon such grounds denies those allegations.

65. Answering Defendant denies the allegations of Paragraph 65 of the Complaint.

66. Answering Defendant denies the allegations of Paragraph 66 of the Complaint.

67. Answering Defendant denies the allegations of Paragraph 67 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Case: 10-03185   Doc# 8   Filed: 12/06/10   Entered: 12/16/10 11:40:20   Page 9 of 11

The Complaint and each claim for relief therein fails to state a claim against Answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the laws of usury.

### THIRD AFFIRMATIVE DEFENSE

Any claims by Plaintiff under the Complaint are barred by the doctrines of setoff and recoupment in that Plaintiff, through his actions, has damaged Answering Defendant in a sum in excess of the amounts claimed by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of unclean hands.

WHEREFORE Answering Defendant Prays for judgment as follows:

1. That Plaintiff take nothing and for judgment in favor of Answering Defendant;
2. Costs of suit incurred herein; and
3. Such other and further relief as the Court may deem meet in the premises.

Dated: December 2, 2010

THE LAW OFFICE OF JOEL K. BELWAY
Professional Corporation

/s/ Joel K. Belway
JOEL K. BELWAY
Attorney for Elizabeth Igudesman

**DECLARATION OF SERVICE**

I am over the age of eighteen years and not a party to the within action. On December 6, 2010, I served the attached **ANSWER TO COMPLAINT** on the interested parties in this action by placing true copies thereof in sealed envelopes and transmitting said envelopes to the following addresses by the means indicated:

Via First-Class U.S. Mail

Joseph A. Lepera, Esq.
Law Office of Joseph A. Lepera
One Market - Spear Tower
36th Floor
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 6, 2010, at San Francisco, California.

/s/ Kathleen S. Belway
KATHLEEN S. BELWAY